# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: UNITED PLASTIC RECYCLING, INC. | ) ) ) ) | CASE NO.: 2:17-CV-700-WKW [WO] |

## MEMORANDUM OPINION AND ORDER

In its September 29, 2017 Memorandum Decision, the bankruptcy court determined that Reynolds, Reynolds & Little, LLC ("Reynolds") was entitled to far less compensation than Reynolds requested for its role as counsel for the Official Committee of Unsecured Creditors. Reynolds ultimately requested $169,098.75 in professional fees, and the court reduced that amount by 40%, resulting in an award of $101,459.25. Reynolds now seeks leave to file an interlocutory appeal challenging the bankruptcy court's decision, asking this court to reverse the bankruptcy court's limitation on Reynolds's professional fee award for its work as Committee counsel. Because Reynolds cannot show that this case warrants interlocutory review, its Motion for Allowance of Leave to Appeal (Doc. # 1-3) is due to be denied.

## I. JURISDICTION AND VENUE

The court has jurisdiction to review the Order of the bankruptcy court under 28 U.S.C. § 158(a), which provides district courts with jurisdiction "to hear appeals

. . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." Venue is proper because an appeal "shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." *Id.*

## II. FACTS AND PROCEDURAL HISTORY

In 2014 and through the first nine months of 2015, United Plastic Recycling, Inc. and United Lands, LLC (collectively, "United") experienced more than $2 million in operating losses in addition to significant losses resulting from the decrease in value of United's inventory. (Dec. at 3.)[1] United owed Renasant Bank approximate $7.3 million, and Renasant held mortgages and security interests in substantially all of United's property. (Dec. at 3.) The loan became due on September 15, 2015. (Dec. at 3.) On September 23, 2015, United's majority owner and manager took his life, resulting in a $6 million insurance policy payout to United. (Dec. at 4.) On October 16, 2015, United, with a new manager, filed petitions for bankruptcy pursuant to Chapter 11 of the Bankruptcy Code, which the bankruptcy court later consolidated for joint administration on November 20, 2015. (Dec. at 2.)

---

[1] Because Reynolds failed to include the bankruptcy court's Memorandum Decision in its motion for leave to appeal as required by Federal Rule of Bankruptcy Procedure 8004(b)(1)(E), this court will cite to the decision in this manner.

The bankruptcy court established by order the Official Unsecured Creditors Committee, whose members later selected Reynolds to serve as its counsel. (Doc. # 1-3, at 1–2.) Reynolds did not oppose proceeding under Chapter 11, (Dec. at 10), and according to Reynolds, the "vastly controlling opinion by all involved parties" was to continue United's business operations and sell the business as a going concern. (Doc. # 1-3, at 2.) Eventually, on January 4, 2017, the bankruptcy court entered a final order approving the sale of substantially all of United's assets. (Doc. # 1-3, at 2.) On January 26, 2017, Reynolds submitted its Application to Approve Professional Fees and Expenses, requesting $188,623.58, under 11 U.S.C. § 330. (Doc. # 1-3, at 3; *see* Dec. at 5.) In response to the bankruptcy court's concerns, Reynolds later voluntarily reduced its fee request by 10% to $169,098.75. (Dec. at 1.)

In its decision issued on September 29, 2017, the bankruptcy court further reduced Reynolds's professional fee award, cutting the amount by an additional 40% to bring the total to $101,459.25. (Dec. at 13.) The bankruptcy court harshly criticized Reynolds's performance as Committee counsel:

> One of the fundamental purposes of the Committee is to monitor the progress of the case to ensure that unsecured creditors receive the highest value possible. . . . Naturally, the Court expects counsel to bill for such monitoring; however, this is not a license to sit, watch, and bill. . . . Unfortunately for the unsecured creditors, Reynolds' monitoring did not benefit the Committee.

(Dec. at 11.) The bankruptcy court noted numerous instances of counsel billing at their own rates for administrative activities, such as sending invitations to conference calls or uploading documents online. (Dec. at 12.) The court criticized Reynolds's choice not to convert the case under Chapter 7, a decision that would have harmed Renasant Bank, a creditor, and limited its ability to "sit back and wait for money to appear, all the while squeezing [United] for all it [could] in the way of adequate protection payments on its cash collateral." (Dec. at 13.) Reynolds "might have acted as a useful counterweight to the Bank's rapacious demands; yet, it did not so do." (Dec. at 13.) Ultimately, the bankruptcy court concluded that Reynolds provided no value to United or the Committee and decided to reduce the fee amount by 40%. (Dec. at 13.) *See Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) (The court "need not engage in an hour-by-hour analysis. Rather, once the district court determines how many hours were actually devoted to the conduct of the federal litigation, it may then reduce that figure in gross if a review of the . . . fee request warrants such a reduction.").

Subsequently, Reynolds filed this Motion for Allowance of Leave to Appeal the bankruptcy court's interlocutory order in accordance with 28 U.S.C. § 158(a).

### III. STANDARD OF REVIEW

"Because 28 U.S.C. § 158(a) does not provide the district court any criteria for determining whether to exercise their discretionary authority to grant leave to

appeal, the courts look to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the courts of appeals." *Laurent v. Herkert*, 196 F. App'x 771, 772 (11th Cir. 2006) (citations and internal alterations omitted). To obtain leave to appeal under § 1292(b), "a party must demonstrate that: (1) the order presents a controlling question of law; (2) over which there is a substantial ground for difference of opinion among courts; and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Id.*

The Eleventh Circuit has held that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals," and "[m]ost interlocutory orders do not meet this test." *OFS Fitel, LLC v. Epstein, Becker & Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). Additionally, the "burden of persuading [the court] that a question of law meeting the requirements of § 1292(b) clearly is presented is on the petitioning party." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (alteration added).

Notwithstanding the § 1292(b) requirements, a court may exercise its discretion to accept an interlocutory appeal if "the appeal raises an important or urgent matter." *In re Tri-State Plant Food, Inc.*, 265 B.R. 450, 452 (M.D. Ala. 2001); *see In re Glob. Marine, Inc.*, 108 B.R. 1009, 1011–12 (S.D. Tex. 1988)

5

("Second, the Court may consider whether 'exceptional circumstances' justify immediate review." (citation omitted)).

## IV. DISCUSSION

In support of its Motion for Allowance of Leave to Appeal, Reynolds dedicates one paragraph to argument related to whether this court should grant leave to appeal:

> The subject bankruptcy proceeding has now, finally, reached a point in which distributions to creditors should be on the horizon. Therefore, the allowance of immediate appeal of the Order is likely to advance the ultimate termination of the bankruptcy proceeding. In addition, the issue that would be before the appellate court, as a result of the appeal allowance, would be one as to which a substantial ground for difference of opinion exists. In addition, this is not a matter that can properly wait for the conclusion of the bankruptcy proceeding to be reviewed. That is, once the available funds in the Estate have all been distributed, there will be no other funds from which to compensate Committee counsel for the legal services provided should the appellate court determine that the Order substantially limiting allowable fees was improper.

(Doc. # 1-3, at 5.) Though Reynolds cites no legal authority, it appears to refer to two of the three § 1292(b) criteria, namely, that "there is a substantial ground for difference of opinion among courts" and that "the immediate resolution of the issue would materially advance the ultimate termination of the litigation." *Laurent*, 196 F. App'x at 772. Mention of whether the Order presents a "controlling question of law" is absent. *Id.* There are no facts or legal arguments relating to this legal standard beyond the above conclusory statements. Indeed, the court is left "guessing

6

as to what (if any) facts, circumstances and issues [Reynolds] might contend are sufficient to justify interlocutory appeal under that standard." *In re Brannan*, No. MISC.A. 13-0001-WS, 2013 WL 838240, at *3 (S.D. Ala. Mar. 5, 2013). Reynolds has failed to satisfy its burden to persuade—or even advance an argument—that interlocutory review is appropriate, and the court declines to exercise its jurisdiction on this ground.

Finally, Reynolds's final two sentences from the above excerpt appear to argue that the appeal raises a sufficiently urgent matter as to justify interlocutory review, notwithstanding the fact that the § 1292(b) criteria are not satisfied. *See In re Tri-State Plant Food, Inc.*, 265 B.R. at 452. This argument is not enough to "overcome [the] disfavorment" of interlocutory review. *Id.* The bankruptcy court specifically noted in its decision that the "interim applications for compensation . . . are subject to adjustment until the case is closed," (Dec. at 4), and "interim fee awards, like those made here to [Reynolds], are always subject to modification or revision on final application." *In re Westwood Cmty. Two Ass'n, Inc.*, No. 05-13753, 2006 WL 940647, at *1 (11th Cir. Apr. 12, 2006). Because the bankruptcy court retains jurisdiction to modify the award going forward, this court is reluctant to intervene absent a compelling argument to the contrary, and Reynolds has made no such argument.

Moreover, even if Reynolds is ultimately unable to secure the fee it feels it deserves, "[b]ankruptcy professionals are aware that the amount of any professional's fees will be less certain if the bankruptcy court awards fees under [11 U.S.C.] § 330." *In re Citation Corp.*, 493 F.3d 1313, 1318 (11th Cir. 2007) (alterations added). With that in mind, the court does not see the type of exceptional circumstances that might prompt the court to exercise its discretion to hear this appeal. For these reasons, the court declines to exercise its jurisdiction to hear the appeal on this ground as well.

## V. CONCLUSION

Reynolds has not shown that an appeal of the bankruptcy court's interlocutory order is warranted, and this court will decline to exercise its jurisdiction under 28 U.S.C. § 158(a). Accordingly, it is ORDERED that Reynolds's Motion for Allowance of Leave to Appeal (Doc. # 1-3) is DENIED.

The Clerk of the Court is DIRECTED to close this case.

DONE this 3rd day of November, 2017.

                                      /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE